# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 785 - 1 | **DATE** | 1/7/2004 |
| **CASE TITLE** | U.S.A. vs. Thomas Johnson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Sentencing on Remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons given in the attached memorandum, the Court sentences Defendant Thomas Johnson to a term of 60 months on Count I of the superseding indictment and 78 months on Counts II and III of the superseding indictment; the sentences shall run concurrently.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 03 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | No. 99 CR 785-1 |
| Plaintiff, ) | |
| ) | HONORABLE DAVID H. COAR |
| v. ) | |
| ) | |
| THOMAS JOHNSON, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on remand from the Seventh Circuit Court of Appeals. The purpose of the remand is to resentence Johnson in light of the construction of the relevant-conduct provision of the Sentencing Guidelines, Section 1B1.3(a)(2). The question immediately before the Court, as framed by the Seventh Circuit, is "whether Johnson's involvement in Harris' and Burks' acts of bank fraud was, for the purposes of determining Johnson's sentence, 'relevant conduct as defined by U.S.S.G. [United States Sentencing Guidelines] § 1B1.3(a)(2)—that is, whether it was part of the same course of conduct or common scheme or plan as the Social Security fraud for which he was convicted." United States v. Johnson, 347 F.3d 635, 638–39 (7th Cir. 2003).

## DISCUSSION

In April 2000, a federal jury convicted Defendant Thomas Johnson of conspiring to produce and transfer about 30 unauthorized Social Security cards, in violation of 18 U.S.C. § 371, and two counts of illegally producing such cards, in violation of 18 U.S.C. § 1028(a)(1) and

1



(2). One of these cards wound up in the possession of Eugene Harris and another wound up in the possession of Lamar Burks; both Harris and Burks were associates of Johnson's. Harris and Burks used the fraudulent Social Security cards in their possession to attempt to cause losses of $571,000 pursuant to their bank fraud schemes.

At Johnson's sentencing, this Court found that Johnson was deeply involved in Harris and Burks bank frauds. The Court did not believe, though, that it was permitted to consider the Harris and Burks bank frauds as relevant conduct for which Johnson could be held accountable under Sentencing Guideline Section 1B1.3(a)(2). This Court interpreted Section 1B1.3(a)(2) to be limited by the reference to Section 1B1.3(a)(1), which requires, in its trailing clause, that relevant conduct must have occurred "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1). Since the bank frauds occurred completely outside of the Social Security frauds, the Court held that it could not account for those crimes under the Sentencing Guidelines.

Faced with what it perceived to be a hole in the Sentencing Guidelines, this Court granted an upward departure from the guideline range because it believed that the defendant "was certainly involved in the Harris and the Burks schemes and... at sentencing he should be held accountable for that." See Sentencing Order of 10/23/01, attached transcript at 50, lines 4–6. The Court set the upward departure at a level that "correspond[ed] to the upward adjustment that [the Defendant] would have gotten had the guidelines contemplated this situation [under Section 1B1.3(a)(2)]." Id. at lines 7–9.

On appeal, the Seventh Circuit reversed this aspect of the Court's sentencing ruling,

2

holding that Guideline Section 1B1.3(a)(2) does not incorporate the trailing clause of Section 1B1.3(a)(1). See U.S. v. Johnson, 347 F.3d 635, 639-40 (2003). Instead, "when evaluating whether some action constitutes relevant conduct, a court must look to see whether the acts and omissions 'were part of the same course of conduct or common scheme or plan as the offense of conviction.'" Id. at 639 (quoting U.S.S.G.§ 1B1.3(a)(2)). The Seventh Circuit quoted the guideline commentary to illuminate the factors relevant to this inquiry. See id. at 640 (quoting U.S.S.G. § 1B1.3 at n.9(A) & (B)).

In light of this binding interpretation of the Sentencing Guidelines, this Court finds that the Harris and Burks bank frauds are relevant conduct under Section 1B1.3(a)(2) for the purpose of sentencing Defendant Thomas Johnson. The bank frauds could not have been committed (at least not in the same manner) if Johnson had not obtained the false Social Security cards. In addition, Johnson was deeply involved with the bank frauds: Burks and Harris were both associates of Johnson's; forms that were used to commit the bank frauds were found in Johnson's apartment; Johnson's car was across from the bank that Harris was attempting to defraud *during* the fraudulent transactions; Johnson traveled with Burks to Atlantic City to gamble with the proceeds from the fraud; and Johnson's apartment was riddled with the implements of bank fraud (paper used for printing checks, hundreds of printed checks, scanners, and computer equipment). Consequently, the intended loss from Johnson's criminal conduct ranges between $500,000 and $800,000, which will impose a ten-level enhancement.

In light of this finding, there is no longer any need for an upward departure from the Sentencing Guidelines. The Court holds to all other aspects of its original sentence.

The Court makes the following calculation of sentence under the Sentencing Guidelines:

| | | |
|---|---|---|
| Base offense level | 6 | (per §2F1.1(a)) |
| Enhancement for intended loss of between $500,000 and $800,000 | 10 | (per §§2F1.1(b)(1)(K) and 1B1.3(a)(2)) |
| More than minimal planning/scheme to defraud more than one victim | 2 | (per § 2F1.1(b)(2)) |
| Defendant's managerial role in the offense | 2 | (per §3B1.1(b)) |
| TOTAL ADJUSTED OFFENSE LEVEL: | 20 | |
| CRIMINAL HISTORY CATEGORY: | VI | |
| APPLICABLE GUIDELINE RANGE: | 70–87 months | |

## CONCLUSION

The Court will impose a sentence of 60 months on Count One and 78 months on Counts Two and Three, sentences to run concurrently.

**Enter:**

David H. Coar
**United States District Judge**

**Dated: January 7, 2004**

4